1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    LEOPOLDO GUZMAN ZARAGOZA,    )
                                                )
10                Petitioner,                    )     No. C 11-5392 CRB (PR)
                                                )
11         vs.                                   )     ORDER TO SHOW CAUSE
                                                )
12    FRANK X. CHAVEZ, Warden,                  )     (Docket # 4)
                                                )
13                Respondent.                    )
     _____ )

14

15          Petitioner, a state prisoner incarcerated at Sierra Conservation Center in

16   Jamestown, California, has filed a pro se petition for a writ of habeas corpus

17   under 28 U.S.C. § 2254 challenging a conviction and sentence from Santa Clara

18   County Superior Court.  He also seeks to proceed in forma pauperis (IFP) under

19   28 U.S.C. § 1915.

20                            **BACKGROUND**

21          After a court trial, petitioner was found guilty of seven counts of forcible

22   lewd conduct on a child under the age of 14 and one count each of forcible sexual

23   penetration and lewd conduct on a child aged 14 or 15.  On December 23, 2008,

24   he was sentenced to 50 years in state prison.

25          Petitioner appealed and was assigned appellate counsel, who subsequently

26   filed a brief under People v. Wende, 25 Cal. 3d 436 (1979), finding no arguable

27   issues and requesting the California Court of Appeal to review the record

28   independently.

On October 13, 2009, the California Court of Appeal filed an opinion finding no arguable issues on appeal and affirming the judgment of the trial court. Petitioner did not seek review from the Supreme Court of California until nearly a year later, by which time the state high court had lost jurisdiction and therefore returned unfiled the petition for review.

Petitioner proceeded to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this court.  But per order filed on February 15, 2011, the court dismissed the petition without prejudice to refiling after exhausting state judicial remedies because petitioner had not yet presented the Supreme Court of California with a fair opportunity to consider and rule on his claims.

Petitioner then filed a petition for a writ of habeas corpus in the Supreme Court of California, which the state high court denied on September 28, 2011. The instant federal petition followed.

**DISCUSSION**

A.    Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.    Claims

Petitioner seeks federal habeas corpus relief by raising several claims, including improper denial of substitute counsel, insufficiency of the evidence and unlawful sentence.  Liberally construed, the claims appear cognizable under §

2

2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

### CONCLUSION

For the foregoing reasons and for good cause shown,

1.      Petitioner's request to proceed IFP (docket # 4) is GRANTED.

2.      The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

3.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

4.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days

of receipt of any opposition.

      5.     Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  Feb. 8, 2012                                 _____

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Zaragoza, L.11-5392.osc.wpd

4